UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MASSACHUSETTS

**0 5  CA  1 2 1 9 6 RWZ**

```
RICHARD SANTIAGO and          )
JESSICA SANTIAGO              )
      Plaintiffs             )
v.                           )   MAGISTRATE JUDGE _____
                             )   RECEIPT # _____
THE CITY OF LOWELL,          )   AMOUNT $ _____
THE CITY OF LOWELL POLICE    )   SUMMONS ISSUED _____
DEPARTMENT, JOHN MacLAUGHLIN,)   LOCAL RULE 4.1 _____
SGT. RICHARD CALLAHAN,       )   WAIVER FORM _____
and SGT. MICHAEL DURKIN      )   MCF ISSUED _____
      Defendants             )   BY DPTY. CLK. _____
                             )   DATE _____
```

## VERIFIED COMPLAINT AND REQUEST FOR JURY TRIAL

### PARTIES

1.     Plaintiff Richard Santiago (hereinafter, "Richard Santiago" or "Santiago") is an individual and resides at 125 Orleans Street, Lowell, Middlesex County, Massachusetts. Richard Santiago is, and, at all times relevant, was the wife of Plaintiff Jessica Santiago.

2.     Plaintiff Jessica Santiago is an individual and resides at 125 Orleans Street, Lowell, Massachusetts. Jessica Santiago is, and, at all times relevant, was the wife of Plaintiff Richard Santiago.

3.     Defendant City of Lowell ("City of Lowell") is a municipality established under the General Laws of Massachusetts with a City Hall located at 375 Merrimack Street, Lowell, Middlesex County, Massachusetts.

4.     Defendant City of Lowell Police Department ("Lowell Police Department") is a division of the City of Lowell with a police headquarters located at JFC Civic Center, 50 Arcand Dr., Lowell, Middlesex County, Massachusetts.

5.      Defendant John MacLaughlin is an individual and resides at an address presently

unknown to Complainant. His business address is Lowell Police Department, JFK Civic Center,

50 Arcand Drive, Lowell, Massachusetts. At all times relevant, MacLaughlin was employed as a

police officer of the City of Lowell, Massachusetts, and was acting in his individual capacity

and/or his official capacity as a police officer. His act(s) and/or omissions as a police officer

were performed under color of rules, regulations, ordinances, custom and usage of the City of

Lowell and the Statutes of the Commonwealth of Massachusetts.

6.      Defendant Michael Durkin is an individual and resides at an address presently

unknown to Complainant. His business address is Lowell, Police Department, JFK Civic Center,

50 Arcand Drive, Lowell, Massachusetts. At all times relevant, Durkin was employed as a

police sergeant of the City of Lowell, Massachusetts, and was acting in his individual capacity

and/or his official capacity as a police sergeant. His act(s) and/or omissions as a police officer

were performed under color of rules, regulations, ordinances, custom and usage of the City of

Lowell and the Statutes of the Commonwealth of Massachusetts.

7.      Defendant Richard Callahan is an individual and resides at an address presently

unknown to Complainant. His business address is Lowell, Police Department, JFK Civic Center,

50 Arcand Drive, Lowell, Massachusetts. At all times relevant, Durkin was employed as a

police sergeant of the City of Lowell, Massachusetts, and was acting in his individual capacity

and/or his official capacity as a police sergeant. His act(s) and/or omissions as a police officer

were performed under color of rules, regulations, ordinances, custom and usage of the City of

Lowell and the Statutes of the Commonwealth of Massachusetts.

## JURISDICTION

2

8.     Count I of this Complaint sets forth a civil action brought to redress deprivations, under color of state law, of rights secured by the Constitution of the United States and by an Act of Congress pursuant to 42 U.S.C. §2000e-2(a)(1).  Counts II, XIV, XV, and XVI of this Complaint set forth civil actions brought to redress deprivations, under color of state law, of rights secured by the Constitution of the United States and by an Act of Congress pursuant to 42 U.S.C. §§1981, 1983 and 1985, respectively, and this Court has jurisdiction pursuant to 28 U.S.C. §1343(a)(3).  This Court has jurisdiction over Counts I, II, XIV, XV, and XVI pursuant to 28 U.S.C. §1343(a)(3).  Additionally, pursuant to 28 U.S.C. §1331, district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

9.     Counts III through XIII and XVII through XVIII of this Complaint aver causes of action which arise out of the subject matter of the cause of action set forth in Count I and are so related to that Count that they form part of the same case or controversy under Article III of the United States Constitution.  This Court has jurisdiction over these Counts by virtue of the doctrine of pendent jurisdiction and 28 U.S.C. §1367(a).

## FACTS

10.    In or around August, 1996, Santiago was hired by the City of Lowell to serve as a police officer in the Lowell Police Department.

11.    On or about June 25, 2004, Santiago responded to a tragic pedestrian accident. Following the accident, Santiago suffered significant anxiety and stress.

12.    On or about June 26, 2004, Santiago requested assistance from the Lowell Police Department to deal with the anxiety and stress over the accident of the previous day.  On or about that date, while at the Lowell General Hospital, Santiago spoke with Nurse Susan

Lavallee, the wife of the Deputy Superintendent of the Lowell Police Department. At that time, Ms. Lavallee assured Santiago that his comments to her would remain confidential.

13. On or about July 1, 2004, Deputy Lavallee informed Santiago that the Lowell Police Department would permit Santiago to attend a five Day Program at On-Site Academy for more intense stress debriefing, but that the Lowell Police Department would not pay for the academy, as the Police Department had determined that Santiago's stress was not work-related. Upon information and belief, Ms. Lavallee divulged confidential information to Deputy Lavallee about Santiago, and Deputy Lavallee used that information to the detriment of Santiago. Santiago did not attend the academy for financial reasons.

14. On or about July 18, 2004 at approximately 2:00 a.m., Santiago was working a private, paid detail at Angkor Kingdom, an establishment located at 602 Merrimack Street, Lowell, Massachusetts.

15. At that time, Santiago and several other members of the Lowell Police Department, including, without limitation, John MacLaughlin, Sgt. Richard Callahan and Sgt. Michael Durkin, were handling crowd control duties in the vicinity of the establishment.

16. While the crowd was exiting the establishment, Officer Tong Phay of the Lowell Police Department placed one Samnang Sok, a male, under arrest for public drinking and resisting arrest.

17. At that time, one Am Ngeth, a female, approached Defendant MacLaughlin, a Caucasian male, and, in a non-threatening fashion, Ngeth asked MacLaughlin, in words or substance, why Sok was being arrested and she asked whether she could retrieve the car keys from Sok.

4

18.     Without any provocation or justification therefor, Defendant MacLaughlin pushed the female violently, fully extending his arms into her chest and causing Ngeth to fall backward onto the ground. As a result of Defendant MacLaughlin's actions, the people in the crowd, many of whom, upon information and belief, had witnessed Defendant MacLaughlin pushing Ngeth, became increasingly agitated and began yelling at MacLaughlin.

19.     At this time, as a result of MacLaughlin's conduct described above, several people stopped exiting the establishment and, instead, remained standing in place, yelling at MacLaughlin. At one point, various Lowell Police Officers inappropriately used Capstun spray in an effort to restore order.

20.     Once the officers had restored order, Santiago attempted to inform Sergeant Durkin and Sergeant Callahan, his direct supervisors, of MacLaughlin's wrongful conduct. Neither Sergeant Durkin nor Sergeant Callahan were receptive to Santiago's comments.

21.     Santiago thereafter spoke to his brother Jose Santiago, also a Lowell Police Officer. Santiago told his brother, among other things, that if Santiago's superior officers were not going to listen to him, then Santiago was going to speak to MacLaughlin himself.

22.     Thereafter, Santiago approached MacLaughlin, who was standing in a group of officers, and asked to speak to MacLaughlin privately. MacLaughlin agreed, whereupon Santiago and MacLaughlin moved away from the area. Santiago asked MacLaughlin, in words or substance, what he was doing back there.

23.     MacLaughlin responded, in words or substance, that the female was coming at him. Santiago then stated to MacLaughlin, in words or substance, that the female only weighed one hundred pounds, and that MacLaughlin's actions were unacceptable. Santiago then told

MacLaughlin, in words or substance, that MacLaughlin did not have to push the woman, and that he did not have to make that crowd angry because the crowd was dispersing.

24.     Defendant MacLaughlin then positioned himself close enough to Santiago so that MacLaughlin's nose came into contact with Santiago's nose. MacLaughlin then told Santiago, in an extremely threatening manner, not to tell MacLaughlin how to do his job.

25.     Santiago then asked MacLaughlin, in words or substance, whether MacLaughlin was serious, and he asked whether MacLaughlin was racist toward the people in the restaurant. McLaughlin responded by putting his right index finger into Santiago's chest and shouting an obscenity at Santiago.

26.     Soon thereafter, Lt. Barry Golner of the Lowell Police Department forcibly removed McLaughlin from the area. Santiago then attempted to find Ngeth without success. Callahan instructed Santiago to write up an incident report. Santiago told Callahan, in words or substance, that Callahan would not want Santiago to write up a report because someone would lose his job – referring to, without naming, McLaughlin.

27.     Santiago then returned to the Lowell Police Station in order to prepare his report. He prepared a report which included, among other things, the following:

> At this time a very small unidentified Asian female, description: 5'5", black hair[,] brown eyes[,] weighing approx. 100 lbs. approached ofc. MacLaughlin and asked him why her friend was being arrested…. This ofc. then observed Ofc. MacLaughlin with no warning push this same female with two arms at full extension in the chest[,] sending the female approx. 5-10 ft back in the air and falling down to the ground in a very aggressive manner….. At this time due to officer MacLaughlin's actions, the large crowd which had now stopped exiting the area and were now standing in place yelling and screaming were ambushed by all units and sprayed with dept. issued O.C. spray.

28.     As Santiago was writing the report later that evening at the police station, Sergeant Durkin and Sergeant Callahan, both of whom are Caucasian males, entered the main

desk area of the station. Sergeant Durkin and Sergeant Callahan, in the presence of other officers in the area, began intimidating and taunting Santiago by saying, in words or substance, that Santiago is a disgrace as a police officer, and that Santiago should be ashamed of himself for his conduct at the establishment. Sergeant Durkin said to Santiago, in words or substance, in a threatening manner, that when the officers go into a fight, they go in together and they come out together. Sergeant Durkin told Santiago, in words or substance, in a threatening manner, that officers do not point fingers at another officer under any circumstances. Santiago recorded these comments in his report. Santiago believes, and therefore avers, that his fellow officers treated him poorly because of his race and in order to retaliate against Santiago for writing a report critical of Defendant McLaughlin's actions.

29.     Santiago responded by asking, in words or substance, why he was the bad guy and by telling the sergeants that he did not push the female. Sergeant Durkin thereafter ordered Santiago, without any basis therefor, to remove his uniform and to leave his badge and gun on Sergeant Durkin's desk because Santiago was not suited to wear those items.

30.     At that time Santiago began to experience lightheadedness due to the stress and confusion of being embarrassed and humiliated by his superior officers. After continuing to write a police report describing and condemning MacLaughlin's actions, for several minutes, Santiago began to experience shortness of breath and intense anxiety. Santiago was then transported to Saints Memorial Medical Center for medical assistance.

31.     On or about July 19, 2004, Santiago was brought into the Internal Affairs office of the Lowell Police Department where he was informed that, as a result of his actions, he would be required to undergo a drug test. At no time did the Lowell Police Department have any cause, basis and/or justification for ordering Santiago to undergo a drug

7

test. Upon information and belief, the Lowell Police Department, through its officers, agents, servants or employees, ordered Santiago to submit to a drug test in order to punish him and to retaliate against him for reporting the wrongful conduct of Officer MacLaughlin and because of his race.

32.    Without any basis therefor, the Lowell Police Department placed Santiago on administrative leave in order to punish him and retaliate against him, for condemning McLaughlin's' actions orally and in writing.

33.    On or about September 9, 2004, in further act of retaliation, the City of Lowell denied Santiago request for disability benefits.

34.    In or around September, 2004, the City of Lowell, knowing that Santiago was still suffering the effects of his confrontation with MacLaughlin and other officers on July 17, 2004, temporarily took Santiago off administrative leave without any basis for doing so. Santiago was forced to pursue a grievance through his union in order to be reinstated to administrative leave. Santiago is currently awaiting the scheduling of a disciplinary hearing by the Lowell Police Department.

35.    Upon information and belief, at no time did the Lowell Police Department discipline or otherwise punish any of the individual Defendants for their wrongful conduct as set forth herein.

36.    As of the date of the filing of the within Complaint, Santiago is still waiting to learn the outcome of the internal affairs investigation surrounding the events set forth herein, and he still remains on administrative leave. Upon information and belief, the delayed decision constitutes a further act of discrimination and retaliation against Santiago. He has never returned to work, and he considers himself constructively discharged.

37.     As a direct result of the Defendants' wrongful, discriminatory and retaliatory

conduct, Santiago has suffered financial, emotional and physical damages.

38.     On or about April 29, 2005, Santiago filed a complaint with the Massachusetts

Commission Against Discrimination (05BEM01191) and the Equal Employment Opportunity

Commission alleging discrimination on the basis of race and color.

39.     On or about July 27, 2005, the MCAD issued a Dismissal and Notification of

Rights permitting Santiago to withdraw his claim for purposes of instituting the within action.

## COUNTS

## COUNT I

### (Violation of 42 U.S.C. §2000e)

40.     The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1

through 39, *supra*, of the Verified Complaint as if set forth herein.

41.     42 U.S.C. §2000e-2(a)(1) provides as follows:

**§ 2000e-2.  Unlawful employment practices**

**(a)     Employer practices**

It shall be an unlawful employment practice for an employer—
**(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate
against any individual with respect to her compensation, terms, conditions, or privileges
of employment, because of such individual's race, color, religion, sex or national origin;
...

42.     Defendant the City of Lowell and Defendant Lowell Police Department are

employers for the purposes of 42 U.S.C. §2000e-2.

43.     Since August, 1996, Santiago has served as a police officer in the City of Lowell.

44.     By discharging Santiago from his position and otherwise discriminating and

retaliating against Santiago with regard to his compensation, terms, condition or privileges of

9

employment on the basis of his national origin and/or race, as set forth herein, the City of Lowell and the City of Lowell Police Department, through its officers, agents, servants or employees, engaged in an unlawful employment practice as defined by 42 U.S.C. §2000e-2(a)(1).

45.     As a result of Defendants' unlawful employment practices, Santiago suffered damages, including loss of employment, loss of employment opportunities, lost pay, lost benefits, mental anguish, emotional distress, pain and suffering, and other damages.

**WHEREFORE**, Plaintiff Richard Santiago demands the following:

1.     That Plaintiff be awarded judgment against the defendant City of Lowell in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

2.     That Plaintiff be awarded judgment against the defendant Lowell Police Department in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

3.     That Plaintiff be awarded judgment against the defendant John MacLaughlin in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

4.     That Plaintiff be awarded judgment against the defendant Sgt. Richard Callahan in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

5.     That Plaintiff be awarded judgment against the defendant Sgt. Michael Durkin in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

6.     That Plaintiff be awarded punitive damages from each defendant found liable in the amount of Five Hundred Thousand Dollars, plus costs.

7.     That Plaintiff be awarded, as part of any judgment, fair and reasonable attorneys' fees against each defendant found liable pursuant to 42 U.S.C. §1988.

8.     That Plaintiff demands such other relief as this Honorable Court may deem meet and just.

## COUNT II

## (Violation of 42 U.S.C. §1981)

44.     The Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through

43, *supra*, of the within Verified Complaint as if fully set forth herein.

45.     42 U.S.C. §1981(a) provides as follows:

### §1981.  Equal rights under the law
### (a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every
State and Territory to make and enforce contracts, to sue, be parties, give evidence, and
to the full and equal benefit of all laws and proceedings for the security of person and
property as is enjoyed by white citizens, and shall be subject to like punishment, pains,
penalties, taxes, licenses, and exactions of every kind, and to no other.

46.     By discharging Santiago from his position and otherwise discriminating and

retaliating against Santiago with regard to his compensation, terms, condition or privileges of

employment on the basis of national origin and/or race, Defendants violated Santiago rights as

defined by 42 U.S.C. §1981(a).

47.     As a result of Defendants' violation of Santiago's rights as defined by 42 U.S.C.

§1981(a), Santiago suffered damages, including loss of employment, loss of employment

opportunities, lost pay, lost benefits, mental anguish, emotional distress, pain and suffering, and

other damages.


**WHEREFORE**, Plaintiff Richard Santiago demands the following:

1.     That Plaintiff be awarded judgment against the defendant City of Lowell in the

amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

2.     That Plaintiff be awarded judgment against the defendant Lowell Police

Department in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys'

fees.

3.     That Plaintiff be awarded judgment against the defendant John MacLaughlin in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

4.     That Plaintiff be awarded judgment against the defendant Sgt. Richard Callahan in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

5.     That Plaintiff be awarded judgment against the defendant Sgt. Michael Durkin in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

6.     That Plaintiff be awarded punitive damages from each defendant found liable in the amount of Five Hundred Thousand Dollars, plus costs.

7.     That Plaintiff be awarded, as part of any judgment, fair and reasonable attorneys' fees against each defendant found liable pursuant to 42 U.S.C. §1988 or any other applicable statute.

8.     That Plaintiff demands such other relief as this Honorable Court may deem meet and just.

## COUNT III

### (Equal Protection)

48.     The Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 47, *supra*, of the within Verified Complaint as if expressly set forth herein.

49.     The Fourteenth Amendment to the Constitution of the United States provides, in part, that:

> nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

50.     Article 10 of Part I of the Massachusetts Constitution provides, in part, as follows:

**Art. X. Right of protection and duty of contribution; taking of property; consent to laws; taking of property for highways and streets**

ART. X. Each individual of the society has a right to be protected by it in the enjoyment of her life, liberty and property, according to standing laws....

51.     Defendants City of Lowell and the City of Lowell Police Department denied Santiago an employment opportunity because he was an Hispanic male and otherwise denied him said opportunity on the basis of his race.

52.     By denying Santiago an employment opportunity on account of his national origin and/or race, Defendants City of Lowell and the City of Lowell Police Department violated Santiago's right to equal protection under the Fourteenth Amendment to the United States Constitution and Articles 1, 6, 7, 10, 12 and 16 of Part I, and Part II, c. 1 §1, art. 4 of the Massachusetts Constitution.

53.     As a result of Defendants' violation of Santiago's rights as defined by the Fourteenth Amendment to the United States Constitution and the Massachusetts Constitution, Santiago suffered damages, including loss of employment, loss of employment opportunities, lost pay, lost benefits, mental anguish, emotional distress, pain and suffering, and other damages.

**WHEREFORE,** Plaintiff Richard Santiago demands the following:

1.     That Plaintiff be awarded judgment against the defendant City of Lowell in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

2.     That Plaintiff be awarded judgment against the defendant Lowell Police Department in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

3.     That Plaintiff be awarded judgment against the defendant John MacLaughlin in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

4.     That Plaintiff be awarded judgment against the defendant Sgt. Richard Callahan in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

5.     That Plaintiff be awarded judgment against the defendant Sgt. Michael Durkin in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

6.     That Plaintiff demands such other relief as this Honorable Court may deem meet and just.

## COUNT IV

### (Violations of M.G.L. c. 151B)

54.     The Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 53, *supra*, of the within Verified Complaint as if expressly set forth herein.

55.     Mass. Gen. L. c. 151B provides, in part, that:

**Chapter 151B: Section 4 Unlawful Practices**—It shall be an unlawful employment practice:

(1)     For an employer, by himself or her agent, because of the race, color, religious creed, national origin, sex ... genetic information, or ancestry of any individual to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment...

56.     By discharging Santiago, who is an Hispanic male, from his position and otherwise discriminating and retaliating against Santiago with regard to his compensation, terms, condition or privileges of employment on account of, among other things, his national origin and/or race, Defendants City of Lowell and the City of Lowell Police Department engaged in unlawful employment practices in violation of Mass. Gen. L. c. 151B, Section 4, Paragraph 1 *et seq.*

57.     As a result of Defendants' unlawful employment practice, Santiago suffered damages, including loss of employment, loss of employment opportunities, lost pay, lost benefits, mental anguish, emotion distress, pain and suffering, and other damages.

14

**WHEREFORE**, Plaintiff Richard Santiago demands the following:

1.      That Plaintiff be awarded judgment against the defendant City of Lowell in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

2.      That Plaintiff be awarded judgment against the defendant Lowell Police Department in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

3.      That Plaintiff be awarded judgment against the defendant John MacLaughlin in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

4.      That Plaintiff be awarded judgment against the defendant Sgt. Richard Callahan in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

5.      That Plaintiff be awarded judgment against the defendant Sgt. Michael Durkin in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

6.      That Plaintiff be awarded punitive damages from each defendant found liable in the amount of Five Hundred Thousand Dollars, plus costs.

7.      That Plaintiff be awarded, as part of any judgment, fair and reasonable attorneys' fees against each defendant found liable pursuant to 42 U.S.C. §1988.

8.      That Plaintiff demands such other relief as this Honorable Court may deem meet and just.

## COUNT V

### (Breach of Covenant of Good Faith and Fair Dealing)

58.     The Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 57, *supra*, of the within Verified Complaint as if expressly set forth herein.

59.     Santiago believes and therefore avers that Defendants City of Lowell unlawfully and knowingly breached the covenant of good faith and fair dealing by, among other things, discharging Santiago from employment and otherwise discriminating and retaliating against

Santiago with regard to his compensation, terms, condition or privileges of employment on the basis of his national origin and/or race and/or in violation of M.G.L. c. 149 § 185.

60. As a direct proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Santiago has suffered and will continue to suffer severe and substantial financial loss, emotional distress, mental anguish, lost wages, physical injury, harm to reputation, and other damages.

**WHEREFORE,** Plaintiff Richard Santiago demands the following:

1. That Plaintiff be awarded judgment against the defendant City of Lowell in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

2. That Plaintiff be awarded judgment against the defendant Lowell Police Department in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

3. That Plaintiff be awarded judgment against the defendant John MacLaughlin in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

4. That Plaintiff be awarded judgment against the defendant Sgt. Richard Callahan in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

5. That Plaintiff be awarded judgment against the defendant Sgt. Michael Durkin in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

6. That Plaintiff demands such other relief as this Honorable Court may deem meet and just.

## COUNT VI

### (Intentional/Negligent Infliction of Emotional Distress)

61. The Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 60, *supra*, of the within Verified Complaint as if expressly set forth herein.

16

62.     Defendants City of Lowell, City of Lowell Police Department, John MacLaughlin, Sergeant Durkin and Sergeant Callahan engaged in a pattern of extreme or outrageous conduct against Santiago, which included, without limitation, race and/or national origin discrimination and/or retaliation in violation of M.G.L. c. 149 § 185, intended to cause emotional distress, or which Defendants knew or should have known would cause emotional distress, which was so severe and of a nature that no reasonable person could be expected to endure.

63.     As a result of the wrongful conduct of the Defendants, Santiago has sustained physical and psychological injury, and he incurred great suffering of body and mind.

**WHEREFORE,** Plaintiff Richard Santiago demands the following:

1.     That Plaintiff be awarded judgment against the defendant City of Lowell in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

2.     That Plaintiff be awarded judgment against the defendant Lowell Police Department in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

3.     That Plaintiff be awarded judgment against the defendant John MacLaughlin in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

4.     That Plaintiff be awarded judgment against the defendant Sgt. Richard Callahan in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

5.     That Plaintiff be awarded judgment against the defendant Sgt. Michael Durkin in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

6.     That Plaintiff demands such other relief as this Honorable Court may deem meet and just.

## COUNT VII
## (Violation of M.G.L. c. 93 §102)

64.     The Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through

63, *supra*, of the within Verified Complaint as if expressly set forth herein.

65.     Mass. Gen. Laws c. 93 §§102 provides, in part, as follows:

### § 102. Equal rights; violations; civil actions; costs

> (a) All persons within the commonwealth, regardless of sex, race, color, creed or
> national origin, shall have, except as is otherwise provided or permitted by law,
> the same rights enjoyed by white male citizens, to make and enforce contracts, to
> inherit, purchase, to lease, sell, hold and convey real and personal property, to
> sue, be parties, give evidence, and to the full and equal benefit of all laws and
> proceedings for the security of persons and property, and shall be subject to like
> punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to
> no other.

66.     By discharging Santiago from his position and otherwise discriminating and

retaliating against Santiago with regard to his compensation, terms, condition or privileges of

employment on the basis of his national origin or race, Defendants City of Lowell and City of

Lowell Police Department violated Santiago's rights as defined by M.G.L. c. 93 §102.

67.     As a result of Defendants' violation of Santiago's rights as defined by M.G.L. c.

93 §102, Santiago suffered damages, including loss of employment, loss of employment

opportunities, lost pay, lost benefits, mental anguish, emotional distress, pain and suffering and

other damages.

**WHEREFORE**, Plaintiff Richard Santiago demands the following:

1.     That Plaintiff be awarded judgment against the defendant City of Lowell in the

amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

2.      That Plaintiff be awarded judgment against the defendant Lowell Police Department in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

3.      That Plaintiff be awarded judgment against the defendant John MacLaughlin in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

4.      That Plaintiff be awarded judgment against the defendant Sgt. Richard Callahan in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

5.      That Plaintiff be awarded judgment against the defendant Sgt. Michael Durkin in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

6.      That Plaintiff demands such other relief as this Honorable Court may deem meet and just.

## COUNT VIII

### (Tortious Interference with Prospective Business Advantage)

68.     The Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 67, *supra*, of the within Verified Complaint as if expressly set forth herein.

69.     Santiago was employed at the City of Lowell and/or the Lowell Police Department under the terms of a contract.

70.     In or around September, 2004, Defendants Officer MacLaughlin, Sergeant Durkin and Sergeant Callahan knowingly induced City of Lowell and/or the Lowell Police Department to breach its/their contract with Santiago by various means, including, without limitation, the wrongful conduct set forth in the within Verified Complaint.

71.     Defendants MacLaughlin, Durkin and Callahan acted with an improper motive or means, including, without limitation, to discriminate against Santiago on the basis of national origin and/or race and/or retaliating against Santiago in violation of M.G.L. c. 149 § 185 when

19

they so knowingly induced the City of Lowell and/or the Lowell Police Department to breach its/their contract with Santiago.

72.     As a result of Defendants' tortious interference with Santiago's prospective business advantage, Santiago suffered damages, including loss of employment, loss of employment opportunities, lost pay, lost benefits, mental anguish, emotional distress, pain and suffering and other damages.

**WHEREFORE**, Plaintiff Richard Santiago demands the following:

1.     That Plaintiff be awarded judgment against the defendant City of Lowell in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

2.     That Plaintiff be awarded judgment against the defendant Lowell Police Department in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

3.     That Plaintiff be awarded judgment against the defendant John MacLaughlin in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

4.     That Plaintiff be awarded judgment against the defendant Sgt. Richard Callahan in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

5.     That Plaintiff be awarded judgment against the defendant Sgt. Michael Durkin in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

6.     That Plaintiff demands such other relief as this Honorable Court may deem meet and just.

## COUNT IX

### (Breach of Contract)

73.     The Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 72, *supra*, of the within Verified Complaint as if expressly set forth herein.

74.     By constructively and/or actually discharging Santiago from his position and
otherwise discriminating and retaliating against Santiago with regard to his compensation, terms,
condition or privileges of employment on the basis of his race and/or national origin and/or in
violation of M.G.L. c. 149 s. 185, as more particularly described herein, Defendant City of
Lowell and/or Defendant Lowell Police Department breached its/their contract with Santiago.

75.     As a result of the breach of contract by Defendant City of Lowell and/or
Defendant Lowell Police Department, Santiago suffered damages, including loss of employment,
loss of employment opportunities, lost pay, lost benefits, mental anguish emotional distress, pain
and suffering and other damages.

**WHEREFORE**, Plaintiff Richard Santiago demands the following:

1.     That Plaintiff be awarded judgment against the defendant City of Lowell in the
amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

2.     That Plaintiff be awarded judgment against the defendant Lowell Police
Department in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys'
fees.

3.     That Plaintiff be awarded judgment against the defendant John MacLaughlin in
the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

4.     That Plaintiff be awarded judgment against the defendant Sgt. Richard Callahan
in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

5.     That Plaintiff be awarded judgment against the defendant Sgt. Michael Durkin in
the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

6.     That Plaintiff demands such other relief as this Honorable Court may deem meet
and just.

## COUNT X